**KEIDEL, WELDON & CUNNINGHAM, LLP**
925 Westchester Avenue, 4th Floor
White Plains, NY 10604
Telephone: 914-948-7000
Facsimile:  914-948-7010
*Attorneys for Plaintiff*
*Atlantic Casualty Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| FEDERAL INSURANCE COMPANY A/S/O LAWRENCE AND CHRISTINE HESSE, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AS SUBROGEE OF CHRISTOPHER DOVER AND DAWN DOVER, HERAZ-LAZO CONSTRUCTION, INC., SAXE CONSTRUCTION, LLC, DAVE COSGROVE d/b/a COSGROVE HOME RENOVATIONS and SAM SMITH d/b/a TOP GUN PAINT AND TRIM, | |
| Defendants. | |

Plaintiff, Atlantic Casualty Insurance Company ("Atlantic Casualty"), by its attorneys,

KEIDEL, WELDON & CUNNINGHAM, LLP, as and for its Complaint against defendants,

alleges the following:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by

reason of the diversity of citizenship of the parties and the fact that the amounts in controversy

exceed the sum of $75,000 exclusive of costs.  This is an action for a declaration of rights under

an insurance policy in connection with underlying property damage claims arising out of a fire which occurred on or about April 28, 2009 (the "Fire").

    2.      Atlantic Casualty is a North Carolina corporation with its principal place of business in North Carolina.

    3.      Atlantic Casualty transacts business in the State of New Jersey.

    4.      At all times relevant to this lawsuit, Federal Insurance Company ("FIC") is and was a corporation licensed by the State of New Jersey to issue insurance policies throughout the State of New Jersey.

    5.      FIC transacts business in every county of the State of New Jersey.

    6.      FIC maintains an office at 15 Mountain View Road, Warren, New Jersey.

    7.      At the time of the Fire, Lawrence and Christine Hesse were insured by FIC under a policy of insurance covering 356 West Lake Avenue, Bay Head, New Jersey ("356 West Lake").

    8.      Upon information and belief, FIC is an operating insurer of the Chubb Group of Insurance Companies ("Chubb Group").

    9.      Upon information and belief, FIC is a subsidiary of Chubb Group.

    10.    Upon information and belief, Chubb Group maintains its offices in New Jersey.

    11.    Upon information and belief, FIC is a subsidiary of Chubb Corporation.

    12.    Upon information and belief, FIC is a division of Chubb Corporation.

    13.    Upon information and belief, FIC is a member insurer of Chubb Corporation.

    14.    Upon information and belief, Chubb Corporation is incorporated in New Jersey.

    15.    Certain Underwriters at Lloyd's, London subscribing to certificate of insurance number 08ASC1858203 ("Lloyd's") is a group of insurance underwriters.

2

16.     At all times relevant to this lawsuit, Lloyd's was authorized by the State of New Jersey to issue excess and/or surplus lines insurance coverage in the State of New Jersey.

17.     At the time of the Fire, Christopher and Dawn Dover were insured by Lloyd's under a policy of insurance covering 125 Woodland Avenue, Bayhead, New Jersey 08742 ("125 Woodland").

18.     Upon information and belief, Heraz-Lazo Construction, Inc. ("Heraz-Lazo") maintains a business location at 267 Fisher Avenue, Neptune, NJ 07753, in the County of Monmouth, State of New Jersey.

19.     Upon information and belief, Saxe Construction, LLC ("Saxe"), is a company organized and existing under the laws of New Jersey.

20.     Upon information and belief, Saxe maintains an office or other business address at 75 Pacific Ocean Drive, Brick, New Jersey 08723.

21.     Upon information and belief, Dave Cosgrove is an individual residing in New Jersey.

22.     Upon information and belief, Dave Cosgrove does business in New Jersey.

23.     Upon information and belief, Dave Cosgrove maintains an office or other business location at 737 Drum Point Road, Brick, New Jersey 08723.

24.     Upon information and belief, Dave Cosgrove does business as Cosgrove Home Renovations ("Cosgrove").

25.     Upon information and belief, Cosgrove does business in New Jersey

26.     Upon information and belief, Cosgrove maintains an office or other business location at 737 Drum Point Road, Brick, New Jersey 08723.

27.     Upon information and belief, Sam Smith is an individual residing in New Jersey.

28.    Upon information and belief, Sam Smith does business in New Jersey.

29.    Upon information and belief, Sam Smith maintains an office or other business location at 2178 Lanes Mill Road, Brick, New Jersey 08723.

30.    Upon information and belief, Sam Smith does business as Top Gun Paint and Trim ("Top Gun").

31.    Upon information and belief, Top Gun does business in New Jersey

32.    Upon information and belief, Top Gun maintains an office or other business location at 2178 Lanes Mill Road, Brick, New Jersey 08723.

33.    Venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

## BACKGROUND

34.    Atlantic Casualty issued policy number L009005914-0 to Heraz-Lazo with effective dates from June 6, 2008 to June 6, 2009 (the "Atlantic Casualty Policy").

35.    On or about April 5, 2010, Atlantic Casualty was notified of a lawsuit brought by FIC against Heraz-Lazo (the "FIC Lawsuit").

36.    In the FIC Lawsuit, it is alleged that Lawrence and Christine Hesse were owners of real property located at 356 West Lake Avenue, Bay Head, New Jersey ("356 West Lake"). (Complaint and Jury Demand (the "FIC Complaint") – **Exhibit "A"**).

37.    In the FIC Lawsuit, it is alleged that on or about April 28, 2009, while under construction, the pool house at 356 West Lake caught fire causing damages.

38.    In the FIC Lawsuit, FIC alleges that it paid a claim to Lawrence and Christine Hesse as a result of the Fire.

4

39.     In the FIC Lawsuit, FIC alleges that "[a]t a time prior to April 28, 2009 defendant[ ] Heraz-Lazo Construction ... [was] providing construction services related to the building of a pool house."

40.     In the FIC Lawsuit, FIC alleges that Heraz-Lazo "negligently, carelessly and recklessly failed to provide adequate construction services in accordance with the terms and conditions of the contract, which failure constituted a breach of the above-described contract whose discovery was made on or about April 28, 2009."

41.     In the FIC Lawsuit, FIC alleges that the damages which it paid as a result of the Fire are attributable to negligence on the part of Heraz-Lazo.

42.     In the FIC Lawsuit, FIC alleges that the damages which it paid as a result of the Fire are attributable to breach of contract on the part of Heraz-Lazo.

43.     By letter dated April 27, 2010, Atlantic Casualty advised Heraz-Lazo, among others, that there is no coverage under the Atlantic Casualty Policy for the Fire and the FIC Lawsuit.

44.     On or about August 23, 2010 Atlantic Casualty Atlantic Casualty was notified of a lawsuit brought by Lloyd's as subrogee of Christopher Dover and Dawn Dover (the "Lloyd's Lawsuit") – **Exhibit "B"**.

45.     In the Lloyd's Lawsuit, Lloyd's alleges that it issued a property insurance policy to Christopher and Dawn Dover providing coverage for the premises located at 125 Woodland Avenue, Bayhead, New Jersey ("125 Woodland").

46.     Lloyd's alleges that on or about April 28, 2009 a fire occurred a building located at 129 Woodland Avenue, Bayhead, New Jersey ("129 Woodland"), causing damage to 125 Woodland.

5

47. Upon information and belief, the fire alleged in the Lloyd's Lawsuit is the same fire alleged in the FIC Lawsuit (collectively the "Fire").

48. As Atlantic Casualty denied coverage for all claims arising out of the Fire, Atlantic Casualty similarly denies coverage for the claims asserted in the Lloyd's Lawsuit.

49. Upon information and belief there may be other premises damaged as a result of the Fire.

50. Atlantic Casualty denies coverage for damages to any such other premises damaged as a result of the Fire.

51. Saxe, Dave Cosgrove, Cosgrove, Sam Smith and Top Gun have been named as interested or potentially interested parties to this lawsuit.

52. Saxe, Dave Cosgrove, Cosgrove, Sam Smith and Top Gun shall be bound by the outcome of this lawsuit.

### AS AND FOR A FIRST COUNT

53. Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

54. The Atlantic Casualty Policy contains certain conditions to coverage, including the following:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**    You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim.  To the extent possible, notice should include:

        **(1)**    How, when and where the 'occurrence' or offense took place;

6

      **(2)**    The names and addresses of any injured persons and witnesses; and

      **(3)**    The nature and location of any injury or damage arising out of the 'occurrence' or offense.

**b.**    If a claim is made or 'suit' is brought against any insured, you must:

      **(1)**    Immediately record the specifics of the claim or 'suit' and the date received; and

      **(2)**    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

**c.**    You and any other involved insured must:

      **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';

      **(2)**    Authorize us to obtain records and other information;

      **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and

      **(4)**    Assist us upon our request in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

55.    The notice provided to Atlantic Casualty on April 5, 2010 was Atlantic Casualty's first notice of the Fire.

56.    The notice provided to Atlantic Casualty on April 5, 2010 was Atlantic Casualty's first notice of any potential claim against Heraz-Lazo as a result of the Fire.

57.     Upon information and belief, Heraz-Lazo was aware of the Fire on or about April 29, 2009.

58.     Upon information and belief, as of April 29, 2009, Heraz-Lazo was in possession of sufficient information so that it knew or should have known that the Fire might result in a claim against it.

59.     Upon information and belief, Heraz-Lazo was aware of the Fire in or around January 2010.

60.     Upon information and belief, as of January 2010, Heraz-Lazo was in possession of sufficient information so that it knew or should have known that the Fire might result in a claim against it.

61.     Upon information and belief, as of April 29, 2009, Heraz-Lazo was aware of an occurrence or an offense which might result in a claim.

62.     Upon information and belief, as of January 2010, Heraz-Lazo was aware of an occurrence or an offense which might result in a claim.

63.     Heraz-Lazo failed to notify Atlantic Casualty of the Fire as soon as practicable.

64.     Heraz-Lazo's failure to notify Atlantic Casualty of the Fire as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

65.     As a result, Atlantic Casualty does not owe any coverage for any claims arising out of the Fire.

66.     Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any damages arising out of the Fire, including but not limited to the FIC Lawsuit and the Lloyd's Lawsuit.

67.     As a result, a justiciable controversy exists between Atlantic Casualty and Heraz-Lazo concerning the rights of each other under the terms and conditions of the Atlantic Casualty Policy.

68.     Atlantic Casualty has no adequate remedy at law.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

<strong><u>AS AND FOR A SECOND COUNT</u></strong>

69.     Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

70.     The notice provided to Atlantic Casualty on April 5, 2010 was Atlantic Casualty's first notice of damage to 356 West Lake.

71.     The notice provided to Atlantic Casualty on April 5, 2010 was Atlantic Casualty's first notice of any potential claim arising out of the damages to 356 West Lake.

72.     The notice provided to Atlantic Casualty on April 5, 2010 was Atlantic Casualty's first notice of the FIC Lawsuit.

73.     Heraz-Lazo failed to notify Atlantic Casualty of the occurrence as soon as practicable.

74.     Heraz-Lazo failed to notify Atlantic Casualty of the FIC Lawsuit as soon as practicable.

75.     Heraz-Lazo's failure to notify Atlantic Casualty of the occurrence as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

76.     Heraz-Lazo's failure to notify Atlantic Casualty of the FIC Lawsuit as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

77.     As a result, Atlantic Casualty does not owe any coverage for any claims arising out of the Fire.

78.     As a result, Atlantic Casualty does not owe any coverage for any claims arising out of the damages at 356 West Lake.

79.     Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the alleged damages at 356 West Lake, including but not limited to the FIC Lawsuit.

80.     As a result, a justiciable controversy exists between Atlantic Casualty and Heraz-Lazo concerning the rights of each other under the terms and conditions of the Atlantic Casualty Policy.

81.     Atlantic Casualty has no adequate remedy at law.

82.     **WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire and/or damages to 356 West Lake, including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

### AS AND FOR A THIRD COUNT

83.     Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

10

84.     Heraz-Lazo failed to notify Atlantic Casualty of the occurrence as soon as practicable.

85.     Heraz-Lazo failed to notify Atlantic Casualty of the damages at 125 Woodland as soon as practicable.

86.     Heraz-Lazo failed to notify Atlantic Casualty of the damages at 129 Woodland as soon as practicable.

87.     Heraz-Lazo's failure to notify Atlantic Casualty of the occurrence as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

88.     Heraz-Lazo's failure to notify Atlantic Casualty of the damages at 125 Woodland as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

89.     Heraz-Lazo's failure to notify Atlantic Casualty of the damages at 129 Woodland as soon as practicable was a breach of the conditions of the Atlantic Casualty Policy.

90.     As a result, Atlantic Casualty does not owe any coverage for any claims arising out of the Fire.

91.     As a result, Atlantic Casualty does not owe any coverage for any claims arising out of the damages at 125 Woodland.

92.     As a result, Atlantic Casualty does not owe any coverage for any claims arising out of the damages at 129 Woodland.

93.     Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit.

94.     Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the alleged damages at 125 Woodland, including but not limited to the Lloyd's Lawsuit.

95.     Therefore, Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the alleged damages at 129 Woodland, including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit.

96.     As a result, a justiciable controversy exists between Atlantic Casualty and Heraz-Lazo concerning the rights of each other under the terms and conditions of the Atlantic Casualty Policy.

97.     Atlantic Casualty has no adequate remedy at law.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire and/or any damages at 125 Woodland or 129 Woodland, including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

## AS AND FOR A FOURTH COUNT

98.     Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

99.     The Atlantic Casualty Policy contains the following endorsement:

### CLASSIFICATION LIMITATION

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILIT COVERAGE PART

This insurance does not apply to and no duty to defend is provided for 'bodily injury', 'property damage', 'personal and advertising injury' or medical payments for operations which are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements.

100.    The declarations pages on the Atlantic Casualty Policy list the following classifications, for which premiums were charged:

| Classification | Code No. |
| --- | --- |
| Carpentry | 91342 |
| Roofing – residential | 98678 |
| Roofing – commercial | 98677 |
| Siding Installation | 98967 |

101.    The Fire is alleged to have occurred as a result of stain soaked rags used in connection with painting and/or staining at certain premises.

102.    The Fire is alleged to have occurred as a result of operations which are not classified or shown on the Atlantic Casualty Policy.

103.    As a result Atlantic Casualty does not owe coverage for any claims arising out of the Fire, including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to any claims of damages to 125 Woodland and/or 129 Woodland and/or 356 West Lake and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

## AS AND FOR A FIFTH COUNT

104.    Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

13

105.    The Atlantic Casualty Policy contains the following exclusion:

Exclusions:

This insurance does not apply to:

* * *

b.    Contractual Liability

> "Bodily injury" or "property damage" for which the insured is obligated
> to pay damages by reason of the assumption of liability in a contract or
> agreement.  * * *

106.    The FIC Complaint alleges breach of contract as to Heraz-Lazo.

107.    The breach of contract claims asserted against Heraz-Lazo in the FIC Lawsuit fall within the scope of the Contractual Liability Exclusion contained on the Atlantic Casualty Policy.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to any claims of damages to 125 Woodland and/or 129 Woodland and/or 356 West Lake and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

**AS AND FOR A SIXTH COUNT**

108.    Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

109.    The Atlantic Casualty Policy contains the following exclusions:

Exclusions:

This insurance does not apply to:

14

\* \* \*

j.   Damage To Property

"Property damage" to:

\* \* \*

(5)   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations....

\* \* \*

k.   Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.   Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

\* \* \*

110.   In the FIC Lawsuit, FIC seeks to recover damages from Heraz-Lazo for alleged property damage.

111.   In the Lloyd's Lawsuit, Lloyd's seeks to recover damages from Heraz-Lazo for alleged property damage.

112.   Some or all of the property damages alleged in the FIC Lawsuit fall within the scope of one or more of the property damage exclusions contained in the Atlantic Casualty Policy.

113.   Some or all of the property damages alleged in the Lloyd's Lawsuit fall within the scope of one or more of the property damage exclusions contained in the Atlantic Casualty Policy.

15

114.    Atlantic Casualty does not owe coverage for any alleged property damages at 356 West Lake, 125 Woodland and/or 129 Woodland.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to any claims of damages to 125 Woodland and/or 129 Woodland and/or 356 West Lake and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

**AS AND FOR A SEVENTH COUNT**

115.    Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

116.    The Atlantic Casualty Policy contains the following provision:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

**6.      Representations**

By accepting this policy, you agree:

**a.**      The statements in the Declarations are accurate and complete;

**b.**      Those statements are based upon representations you made to us; and

**c.**      We have issued this policy in reliance upon your representations.

117.    On or about June 1, 2008 Heraz-Lazo or its authorized representative signed an application (the "Application") for the Atlantic Casualty Policy.

16

118.   Pursuant to language on the Application, the signatory to the Application certifies that the answers contained in the Application are true, correct and complete to the best of his/her knowledge.

119.   The Application asks whether there is "any exposure to flammables, explosives, chemicals" to which Heraz-Lazo responded "no."

120.   Heraz-Lazo or an authorized representative on its behalf made misrepresentation(s) to Atlantic Casualty on the Application and subsequently, regarding the exposure to flammables, explosives and chemicals.

121.   Heraz-Lazo or an authorized representative on its behalf made misrepresentation(s) to Atlantic Casualty on the Application and subsequently regarding the nature of Heraz-Lazo's business.

122.   Heraz-Lazo or an authorized representative on its behalf made misrepresentation(s) to Atlantic Casualty on the Application and subsequently regarding the nature of work performed by Heraz-Lazo.

123.   Heraz-Lazo or an authorized representative on its behalf made representation(s) to Atlantic Casualty on the Application and subsequently regarding the size of Heraz-Lazo, including the number of employees and part time employees.

124.   Heraz-Lazo or an authorized representative on its behalf made misrepresentation(s) to Atlantic Casualty regarding the number of its employees.

125.   Heraz-Lazo or an authorized representative on its behalf misrepresented to Atlantic Casualty regarding its use of part time employees.

126.   Representations made on the Application were false, inaccurate and/or incorrect.

17

127.    Representations made following the Application were false, inaccurate and/or incorrect.

128.    As a result, Heraz-Lazo breached a condition to the Atlantic Casualty Policy.

129.    As a result of Heraz-Lazo's breach of a condition to the Atlantic Casualty Policy, Atlantic Casualty does not owe coverage under the Atlantic Casualty Policy.

130.    As a result of Heraz-Lazo's misrepresentations, Atlantic Casualty does not owe insurance coverage for any claims arising out of the Fire including but not limited to the alleged damages to 356 West Lake and/or the alleged damages to 125 Woodland and/or the alleged damages to 129 Woodland, and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to any claims of damages to 125 Woodland and/or 129 Woodland and/or 356 West Lake and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

## AS AND FOR AN EIGHTH COUNT

131.    Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

132.    The representation(s) on the Application with respect to "any exposure to flammables, explosives, chemicals" was/were material.

133.    The misrepresentation(s) made by or on behalf of Heraz-Lazo regarding the exposure to flammables, explosives and chemicals was/were material.

18

134.   The misrepresentation(s) made by or on behalf of Heraz-Lazo concerning the nature of Heraz-Lazo's business was/were material.

135.   The misrepresentation(s) made by or on behalf of Heraz-Lazo concerning the nature of work performed by Heraz-Lazo was/were material.

136.   The misrepresentation(s) made by or on behalf of Heraz-Lazo regarding the size of Heraz-Lazo, including the number of employees and part time employees, was/were material.

137.   The misrepresentation(s) made by or on behalf of Heraz-Lazo regarding the number of its employees was/were material.

138.   The misrepresentation(s) made by or on behalf of Heraz-Lazo regarding its use of part time employees was/were material.

139.   Heraz-Lazo or its authorized representative made material misrepresentations to Atlantic Casualty on the Application.

140.   Heraz-Lazo or its authorized representative made material misrepresentations to Atlantic Casualty in connection with the purchase and/or placement and/or issuance of the Atlantic Casualty Policy.

141.   Heraz-Lazo or its authorized representative made material misrepresentations to Atlantic Casualty.

142.   Had Atlantic Casualty known the true facts, it would have influenced Atlantic Casualty's judgment in issuing the policy, estimating the risk, and/or fixing the premium.

143.   In light of the above, Atlantic Casualty should be permitted to rescind and/or void the Atlantic Casualty Policy *ab initio*.

144.   As a result, Atlantic Casualty does not owe coverage for any claims arising out of the Fire, including but not limited to any claims for damages at 125 Woodland and/or 129

19

Woodland and/or 356 West Lake, and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor, declaring that Atlantic Casualty is not obligated to defend and/or indemnify Heraz-Lazo with respect to any claims arising out of the Fire, including but not limited to any claims of damages to 125 Woodland and/or 129 Woodland and/or 356 West Lake and including but not limited to the FIC Lawsuit and/or the Lloyd's Lawsuit, and Atlantic Casualty requests such other and further relief as to this Court may seem just, proper and equitable.

**JURY DEMAND**

The Plaintiff herein demands a trial by jury on all issues and counts in the Complaint.

**DESIGNATION OF TRIAL COUNSEL**

Please take notice that Debra Krebs, Esq. attorney for the Plaintiff is hereby designated as trial counsel in this manner.

**KEIDEL, WELDON & CUNNINGHAM, LLP**
*Attorneys for Plaintiff*

By: _____
Debra M. Krebs (DMK-2185)

Dated:   October 12, 2010

## CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies, upon information and belief, that the manner in controversy is not the subject of any other action pending in any court or arbitration proceeding, and there is no other action or arbitration proceeding contemplated.

**KEIDEL, WELDON & CUNNINGHAM, LLP**
*Attorneys for Plaintiff*

By: _____
        Debra M. Krebs (DMK-2185)

Dated:   October 12, 2010