**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                         :
ATLANTIC CASUALTY INSURANCE              : CIVIL ACTION NO. 10-5262 (MLC)
COMPANY,                                 :
                                         :        O P I N I O N
     Plaintiff,                          :
                                         :
     v.                                  :
                                         :
FEDERAL INSURANCE COMPANY, et al.,       :
                                         :
     Defendants.                         :
                                         :
```

**FEDERAL INSURANCE COMPANY** ("FIC"), as subrogee of Lawrence Hesse and Christine Hesse ("Hesses"), and Certain Underwriters at Lloyd's, London ("ULL"), as subrogee of Christopher Dover and Dawn Dover ("Dovers"), brought separate actions in the same New Jersey state court to recover damages for property damage against Saxe Construction, LLC ("SCLLC"), Heraz-Lazo Construction ("HLC"), Sam Smith, d/b/a Top Gun Paint & Trim ("Smith"), and Dave Cosgrove, d/b/a Cosgrove Home Renovations ("Cosgrove") ("State Actions"). (Dkt. entry no. 1, Compl. at 4-6; Compl., Ex. A, FIC Compl., FIC v. SCLLC, No. 10-1127 (N.J. Super. Ct. Ocean Cnty. Mar. 19, 2010); Compl., Ex. B, ULL Compl., ULL v. SCLLC, No. 10-2809 (N.J. Super. Ct. Ocean Cnty. July 23, 2010).) The State Actions remain pending. (Compl. at 5-6.) Atlantic Casualty Insurance Company ("ACIC") allegedly provided coverage to HLC. (Id. at 4.) ACIC brought this separate action in federal court on October 12, 2010, against FIC, the Hesses, ULL, the Dovers, SCLLC, HLC, Smith, and Cosgrove for a judgment declaring that

ACIC is not obligated to defend and indemnify HLC in the State Actions ("Declaratory Judgment Action").  (See Compl.)  ACIC asserts jurisdiction under 28 U.S.C. § ("Section") 1332.  (Id. at 1.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

    **IT APPEARS**, from ACIC's allegations and the Court's own research, that (1) ACIC is deemed to be a North Carolina citizen, and (2) FIC, the Hesses, the Dovers, and HLC, are deemed to be New Jersey citizens.  But ACIC has failed to properly allege the citizenship of ULL, SCLLC, Smith, and Cosgrove.

    **ULL** is an entity that is deemed to possess the citizenship of each investor, "name", and underwriter for a jurisdictional determination.  Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co., 177 F.3d 210, 221-22 (3d Cir. 1999); Evanston Ins. Co. v. Cozen O'Conner, P.C., No. 06-4687, 2007 WL 869614, at *1-2, *5 (D.N.J. Mar. 20, 2007); see Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 862-63 (5th Cir. 2003) (summarizing Chem. Leaman analysis).  ACIC makes no attempt to allege ULL's citizenship.  (Compl. at 2-3.)

    **ACIC** merely alleges that SCLLC is a New Jersey "company" that "maintains an office or other business address [in] New Jersey". (Id. at 3.)  But it appears that SCLLC is a limited liability company.  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in

which their members are citizens, not the states in which they were formed or have their principal places of business.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship.  Id. at 420.  The name and citizenship of each member must be specifically alleged.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

**ACIC** merely alleges that Smith and Cosgrove "resid[e}", "d[o] business", and "maintain[] an office or other business location" in New Jersey.  (Compl. at 3-4.)  An allegation as to where a party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**ACIC** has failed to show that it is deemed to be a citizen of a different state in relation to each defendant.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each

defendant).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to ACIC to either – within thirty days – (1) recommence the Declaratory Judgment Action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the Declaratory Judgment Action in federal court, with documentation properly demonstrating the citizenship of each party.  If ACIC opts to move to reopen, then it does so at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**ACIC** is advised – if it moves to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).  Thus, ACIC must properly (1) demonstrate ULL's citizenship as it existed on October 12, 2010, i.e., affirm that it is listing each investor, name, and underwriter and no others remain to be ascertained, with supporting documentation, (2) list and analyze the citizenship of each member within SCLLC as it existed on October 12, 2010, including non-managing and non-individual members, i.e., provide supporting documentation and affidavits from those with knowledge of SCLLC's structure, (3)

demonstrate the citizenship of Smith and Cosgrove as of October 12, 2010, i.e., provide supporting documentation of citizenship, and (4) show that there is jurisdiction under Section 1332. The Court advises ACIC that it must specifically assert citizenship as it existed on October 12, 2010.

**THE COURT** cautions ACIC — if it opts to move to reopen — against restating the allegations from the Complaint. The Court advises ACIC again that an allegation as to where any party or member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken, 335 Fed.Appx. at 162-63. The Court advises ACIC that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than North Carolina"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as ACIC should have ascertained jurisdiction before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320. As ACIC is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** also advises that even if ACIC demonstrates jurisdiction under Section 1332, the Complaint may be subject to dismissal nonetheless, as (1) this is a declaratory-judgment

5

action involving insurance-coverage issues, (2) ACIC could be named in the State Actions as a defendant, as a third-party defendant, or in some other capacity, and (3) a determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Actions.  Thus, this Court might abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); Franklin Commons E. P'ship v. Abex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action); see also Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, because deciding insurance-coverage issue raised in federal action would affect — and thus interfere with — underlying state-action issue).  The Court might be inclined, in view of the pending State Actions, to "promote judicial economy by avoiding duplicative and piecemeal litigation".  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).

    **THE COURT** will issue an appropriate order and judgment.


                                                          s/ Mary L. Cooper
                                                        **MARY L. COOPER**
                                                        United States District Judge

Dated:  December 6, 2010